**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
**kam@kam13trustee.com**

#### UNITED STATES BANKRUPTCY COURT
#### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JUDI LYNN KIEFFER | CASE NO. 13-00562-TLM |

### TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. The Debtor has not made any payments in this case filed on March 26, 2013. If the Debtor is not current at the time of confirmation the Trustee will request the case be dismissed.
2. The Debtor is self-employed as an interior designer d/b/a Kieffer Design Group. Although Schedule I indicates the Debtor has been employed at the same place for 23 years the Trustee would note that Kieffer Design Group has only existed since August 1, 1997. Debtor claims her business is actually Kieffer Design Group, Inc. which was incorporated in 1998 but the bank account is in the name of Kieffer Design Group and the Secretary of State indicates that Debtor owns the name Kieffer design Group not Kieffer Design Group Inc. Thus it appears that the debtor is operating her interior design business under the assumed name and not the corporation. Kieffer Design Group, Inc continues to file annual reports but the Trustee has not been provided with any books and records for the corporation or any tax returns.
    The Debtor also owns Hidden Acre Enterprises, LLC which was created in February of 2006. This business manages her rental property at 3704 N North Street in Boise.

       The Debtor owns Kieffer Enterprises LLC which was organized in January of 2007 and operates the debtor's rental property at 1517 Main Street in Boise. Kieffer Enterprises rents the property to either Kieffer Design Group or Kieffer Design Group Inc.

       Debtor previously operated Kieffer Management Inc. which was dissolved in 2011 and Hidden Acre B and B, LLC which was administratively dissolved in 2008. It also appears Debtor was operating Hidden Valley Bed and Breakfast for Horse and Rider which is still listed on the internet as available for overnight stays for guests and their horses who are traveling through Idaho. It is unclear if this business is still operating as it is not listed on the Debtor's Statement of Financial Affairs. Although all three of these businesses operated within the last six years none were listed on the statement of financial affairs. The Statement of Financial Affairs will need to be amended. The Debtor also has registered an assumed names for Hidden Acre Boughs since 2001 and the Trustee will need to know the status of this business as well.

3. Although the Debtor has been operating her business for 23 years the Debtor has provided the Trustee with one paycheck stub from November 1, 2012 for $1,000 with year to date earnings of $1,000. Apparently at some time in November of 2012 the Debtor changed the way she was compensating herself. The Trustee will need actual proof of income for the six calendar months prior to filing and not a typewritten list prepared by Debtor's attorney. The typed list is inconsistent with the debtors bank statements.

4. The Debtor receives income from several different sources. She receives income from her interior design group as well as a draw, she receives $433.85 from a disability trust, she receives $400 per month from her roommate and she lists that she receives only $100 per month from Hidden Acre LLC. Trustee notes that Hidden Acre LLC is the company that operates one of her rental properties. Since she is the sole owner of that LLC all of the income that comes into that business is hers less any expenses. The $100 listed on the Schedule I does not necessarily represent her actual income from this business. The rent she receives is greater than the mortgage payments. Additionally the Debtor owns the real estate which is being rented to Kieffer Design Group and the rent received by Kieffer Enterprises exceeds the amount of the mortgage payments on that property as well. Just because the debtor sets a portion of the rental income aside for possible future maintenance does not mean it is not income.

5. The Debtor indicates that she is below median income however deposits into her bank accounts in the six calendar months prior to filing average $15,948 per month. Trustee did not receive the September bank statement for Kieffer Design Group and consequently that amount may be higher. The 22C is incorrect and will need to be amended. Since the Debtor is the sole owner of Kieffer Design Group, Kieffer Enterprises LLC, and Hidden Acre LLC, she will need to list all of the income she received in the six calendar months prior to filing from all three sources in addition to her NOVA benefit plan and her roommate's contribution. The Debtor can deduct her documented business expenses on line 57. The 22C form must be amended.

6. The Trustee has not yet received business and personal tax returns for the Debtor and her businesses for 2012 or for the four years prior to filing. Debtor will need to provide the same.

7. Trustee has not yet received completed business questionnaires for either of the Debtor's businesses or profit and loss statements and general ledgers for the same.
8. Paragraph 4.4 of the plan is blank. Confirmation should be denied and the plan amended. There are priority tax claims.
9. Paragraph 6.1 of the plan incorrectly indicates that the Debtor will be paying Desarrolo Marina Vallarta $5,000 at zero percent interest for a timeshare that the Debtor owes no money on. Confirmation should be denied and the plan amended to remove that item.
10. Debtor's plan proposes to pay Connexus Credit Union directly for a 2007 Chevrolet Silverado. Trustee will need a copy of the retail installment contract from May of 2009 and in the event the vehicle is paid off during the term of the plan payments need to increase accordingly.
11. The Debtor is proposing to pay Ada County Treasurer directly $9,197.51 at 12% interest with monthly payments of $1,144.69. There is no provision in the Debtor's budget to pay this debt. Additionally the proof of claim was filed in the amount of $13,447.44. Confirmation should be denied and the plan should be amended to pay this debt through the plan.
12. Citi Mortgage has not yet filed their proof of claim which is estimated to be $15,000 for the Trustee to determine if the plan is funded. Currently the plan only provides $322 for unsecured creditors and the plan does not provide for the priority claims which are filed at $1,272. If the claim comes in higher than $15,000 the plan will not be funded.
13. Counsel for the Debtor will need to file a detailed fee application.
14. Trustee has requested proof of charitable contributions of $250 per month and proof that the Debtor is paying $100 per month in self-employment taxes.
15. Debtor's plan does not appear to meet the best interest of the creditor's test.
16. Trustee has requested copies of the financial statements that the Debtor completed in 2013 and 2012 for Citi Mortgage and Syringa Bank.
17. The Debtor indicated that she is currently working on a loan modification with Citi Mortgage. The Debtor will need to keep the Trustee apprised of the loan modification and what the monthly mortgage payment will be on the Debtor's real estate.
18. Trustee would like a copy of the executory contract on the rental on 3704 N. North Street.
19. Trustee has requested documentation on the 401k funds the Debtor indicated she rolled into an IRA in March of 2013.
20. The Statement of Financial Affairs question number nine is incomplete and should indicate the dates Counsel was paid for representing the Debtor.
21. Trustee will make arrangements with Counsel for the Debtor so that she can complete business inspections of all of the Debtor's businesses after she is provided with the tax returns and has had an opportunity to review the Debtor's books and records.

DATED: May 9, 2013

                                                  **/s/  Kathleen McCallister**
                                                  **Kathleen McCallister, Trustee**

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on May 9, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Jeffrey Philip Kaufman
Attorney at Law
Jeffrey@dbclarklaw.com

      **AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

      Via first class mail, postage prepaid addressed as follows:

Judi Lynn Kieffer
3776 N. North Street
Boise, ID 83703


                                           /s/    Nicole Marr
                                      **Nicole Marr, Case Administrator**