D. Blair Clark, ISB No. 1367
Jeffrey P. Kaufman, ISB No. 8022
LAW OFFICES OF D. BLAIR CLARK, PLLC
1513 Tyrell Lane, Suite 130
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
Email: jeffrey@dbclarklaw.com

Attorneys for Debtor(s)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**JUDI LYNN KIEFFER**<br><br>Debtor. | Case No. 13-00562-TLM<br><br>Chapter 13 |

### DEBTOR'S RESPONSE TO TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES the Debtor, by and through her counsel, Jeffrey P. Kaufman of the Law Offices of D. Blair Clark, PLLC, and hereby responds the Trustee's Findings and Recommendations, filed as Docket No. 30, as follows:

**1.** Debtor indicates to the undersigned that on Thursday, May 9, 2013 a money order was remitted to the Trustee's PO Box in Memphis, Tennessee.

**2.** Debtor is the sole shareholder of Kieffer Design Group, Incorporated. She does not operate under an assumed business name. Attached hereto as Exhibit 100 is a copy of the Idaho Secretary of State search results for the query "Kieffer Design Group," which reflects an assumed business name of "Kieffer Design Group" being filed on Aug. 1, 1997 and a "Kieffer

Design Group, Inc." being incorporated on Dec. 11, 1998.  Attached hereto as Exhibit 101 is a copy of the Idaho Secretary of State's online Viewing Business Entity for Kieffer Design Group, Inc. reflecting it is in good standing and that each and every year since incorporation an annual report has been filed for the corporation.  Trustee is mistaken in her assertion that Debtor operates under an assumed business name of Kieffer Design Group.

Debtor is also the sole member of Hidden Acre Enterprises, LLC, which leases a rental house located at 3704 N. North St., Boise, ID  83703.  Hidden Acre Enterprises, LLC receives the rental income, pays the mortgage bill (which includes property tax escrow), the homeowner's insurance, and reserves a monthly maintenance fund; the projected monthly distribution Debtor expects to receive from Hidden Acre Enterprises, LLC, is $100.  Attached hereto as Exhibit 102 is a copy of the Hidden Acre Enterprises, LLC's projected monthly profit/loss.

The Trustee identifies several other business entities that appear to have been associated with Debtor at some point in time in the past.  To the extent necessary, Debtor will amend her response to Question 18 of the Statement of Financial Affairs to disclose business entities responsive to the inquiry; particularly Kieffer Managment, Inc.[1] and Hidden Acre B and B, LLC.  However, Debtor is not connected to a Hidden Valley Bed and Breakfast for Horse and Rider and is completely unrelated to such enterprise in every form.

**3.**    Debtor's business had little cashflow during 2012.  Debtor typically received

---

[1] Kieffer Management, Inc. was set up to manage Kieffer Design Group, Inc.'s 401(k) program.  The program was discontinued in 2011 (due to a lack of available funds) and thus Kieffer Management, Inc. was dissolved.

**13-00562-TLM | In re Kieffer**
**DEBTOR'S RESPONSE TO TRUSTEE'S FINDINGS AND RECOMMENDATIONS**                    **PAGE 2**

compensation from Kieffer Design Group, Inc., in the form of a shareholder distribution of about $1,000 per month. In November, her accountant inadvertently prepared her compensation in the form of a wage instead of a distribution; Debtor did not protest the error and took her compensation in the form of a wage instead of a distribution. The November paycheck was the only paycheck she received in 2012. *See* Docket No. 18; Debtor's Form B22C, pgs 8 & 9.

The Trustee requests "actual" proof of income - but dismisses the fact that Debtor has provided to the Trustee Debtor's personal bank statements covering the CMI period to support her calculation of her income calculations. Debtor cannot comment on the alleged inconsistency in her bank statements versus her CMI calculations as the Trustee only alleges one exists and does not identify the actual inconsistency or inconsistencies.

    **4.**      The Trustee correctly points out that Debtor receives income from several different sources. As mentioned above, Debtor sole member of Hidden Acre Enterprises, LLC. She is also the sole member of Kieffer Enterprises, LLC which leases a business building located at 1517 Main St., Boise, ID 83702. Kieffer Enterprises, LLC receives the rental income, pays the mortgage bills, Ada County property tax,[2] the building insurance, and reserves a monthly maintenance fund; the projected monthly distribution Debtor expects to receive from Kieffer Enterprises, LLC is $0.00. Attached hereto as Exhibit 103 is a copy of the Kieffer Enterprises, LLC's projected monthly profit/loss.

---

[2] Due to the cash flow issues for Kieffer Design Group, Inc., Kieffer Enterprises, LLC was unable to pay the property tax bill and there are arrears of approximately $9,000; Kieffer Enterprises, LLC is budgeted to pay this arrearage by end of year 2013.

**13-00562-TLM | In re Kieffer**
**DEBTOR'S RESPONSE TO TRUSTEE'S FINDINGS AND RECOMMENDATIONS**        **PAGE 3**

The income these two limited liability companies gross is not Debtor's income until it reaches Debtor in her individual capacity. These are not sole proprietorships, but companies that are distinct from its members. *I.C. § 30-6-104(1)*. That Debtor may be personally liable for each businesses' tax liability does not make the businesses' gross income Debtor's income for purposes of 11 U.S.C. § 101(10A). The Trustee provides no basis, let alone a legal authority, to support her disregard for the Idaho Uniform Limited Liability Company Act.

5. The Debtor disagrees with the Trustee's contention that her Current Monthly Income is understated on her Form B22C. As reflected on pages 8 & 9 of her Form B22C (Docket No. 18) Debtor discloses the income she receives from Kieffer Design Group, Inc., Kieffer Enterprises, LLC, Hidden Acre Enterprises, LLC, her NOVA Trust, and her roommate's rent. Debtor also disagrees that monthly deposits in her personal bank accounts average over $15,000.00; it appears that the Trustee is inappropriately including in her calculations the deposits into the bank accounts for Kieffer Design Group, Inc, Hidden Acre Enterprises, LLC, and Kieffer Enterprises, LLC.

6. The Debtor has furnished the Trustee with Debtor's personal tax returns tax year 2010 and a Federal Transcript for 2011. She has also provided Kieffer Design Group, Inc.'s tax returns for tax years 2009, 2010, & 2011. And extension was filed for tax year 2012 (a copy of which has also been provided to the Trustee); Debtor and her accountant are working to complete & file her 2012 tax returns as soon as possible. The Debtor is retrieving for the Trustee her 2009 personal tax returns and her 2011 State tax return.

7. Debtor has since furnished the Trustee with the Trustee's Business Questionnaire for each of her three businesses.

8. Because the Debtor has yet to complete and file her 2012 tax returns, the IRS and ISTC filed estimated claims. Debtor does not estimate a tax liability and it is expected that each taxing authority will amend its claim after Debtor files her tax return. Debtor disputes this a reason to deny confirmation of her plan at this time.

9. Paragraph 6.1 of Debtor's plan provides that she is paying $0.00/mo. to Desarrolo Marina Vallarta for her timeshare. Specifically, Debtor's plan provides that there is a $5,000 fee upon the transfer/surrender of her interest in the timeshare. Debtor does not intend to surrender her interest in said timeshare, nor does she intend to pay the transfer/surrender fee at this time. Debtor believes, however, that this is a secured claim for which the plan should provide and she asserts that inclusion of its treatment in ¶ 6.1 is appropriate.

10. Debtor has since furnished the Trustee with a copy of her vehicle installment contract with Connexus. Kieffer Design Group, Inc. pays this obligation and is incorporated in its budget, not Debtor's personal budget. At this time, Debtor cannot agree to increase her plan payments when the installment loan is paid off as that does not necessarily increase her personal income from Kieffer Design Group, Inc.

11. Debtor's plan provides that Kieffer Enterprises, LLC will be paying the Ada County Treasurer property tax claim outside the plan. Furthermore, the Ada County Treasurer's claim provides for estimated taxes for 2013, the 1st half of which is not due until December,

2013.

12.     Debtor is in the midst of a loan modification with Citi Mortgage.  Debtor intends to modify her mortgage to the extent that all but $15,000 of arrears are reamortized over a 30 year period.  Debtor understands that a loan modification is necessary for her current plan to fund.  She is prepared to adjust her plan as necessary should her modification not proceed as intended.

13.     Counsel for the Debtor will file a detailed fee application when the plan is closer to confirmation.

14.     Debtor recently remitted her $250 donation to Idaho Horse on May 1, 2013; said check has yet to clear her bank account.  Once that occurs, Debtor willfurnish the Trustee with a copy of the cleared check.  The Debtor can furnish the Trustee with ongoing proof of her charitable contributions on a monthly, quarterly, semi-annual, or annual basis should the Trustee so desire.  Moreover, Debtor is not currently remitting $100 per month to any taxing agency for self-employment taxes.  Debtor receives income from various sources, and only one of which has taxes taken out - her wages from Kieffer Design Group, Inc.  Debtor thus has included in her budget $100/mo. for any tax liability she may incur from the other various sources of income.  She intends to save such funds in her personal savings account and is willing to furnish the trustee with her bank statements reflecting her savings balance.[3]  Additionally Debtor is not

---

[3] Debtor has provided the Trustee with a copy of her Wells Fargo bank account which reflects only a $25.00 savings deposit for April; Debtor indicates however that starting May 15, 2013, said deposits are to increase to $100.00.

**13-00562-TLM | In re Kieffer**
**DEBTOR'S RESPONSE TO TRUSTEE'S FINDINGS AND RECOMMENDATIONS**          PAGE 6

opposed to remitting to the Trustee on an annual basis any surplus.

15.     Debtor does not believe she has any non-exempt equity, thus she disputes the Trustee's contention that her plan does not satisfy 11 U.S.C. §1325(a)(4).

16.     With regards to the financial statement submitted to Syringa Bank, Debtor disclosed in her Statement of Financial Affairs that one was submitted, however she has been unable to locate one and upon further reflection does not believe she actually sent one to Syringa in 2012 (because Kieffer Design Group, Inc, Kieffer Enterprises, LLC, and Hidden Acre Enterprises ended up changing banking institutions). Debtor intends to request from Syringa whether they have a copy of a financial statement she may have provided in 2012.

With regards to the financial statement she provided Citi Mortgage, Debtor indicates to the undersigned that such financial statement consisted of tax returns, bank statements, a hardship letter, and profit/loss statements for each of her three businesses. All of these documents, have since been provided to the Trustee.

17.     Debtor intends to keep the Trustee apprised of her loan modification progress as well as any changes to her monthly mortgage payment.

18.     Debtor has furnished the Trustee with a copy the lease agreement between Hidden Acre Enterprises, LLC and the tenant at 3704 N. North Street.

19.     Debtor has furnished the Trustee with a copy of her IRA rollover documents.

20.     Debtor will include in her amended Statement of Financial Affairs the specific date the undersigned was paid.

**21.** Debtor does not oppose a business inspection and will cooperate with the Trustee to consummate such.

Dated this 14th day of May, 2013

                                    LAW OFFICE OF D. BLAIR CLARK, PLLC

                                    By:    /s/ *Jeffrey P. Kaufman*
                                            Jeffrey P. Kaufman

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the United States Trustee
ustp.region18.bs.ecf@usdoj.gov

Kathleen A. McCallister, Chapter 13 Trustee
kam13trustee@qwestoffice.net

Sheila Rae Schwager, Attorney for Syringa Bank
sschwager@hawleytroxell.com

I further certify that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**None**

Via certified mail, return receipt requested, addressed as follows:

**None**

      LAW OFFICE OF D. BLAIR CLARK, PLLC


By:   /s/ *Jeffrey P. Kaufman*
      Jeffrey P. Kaufman



IDAHO SECRETARY OF STATE
Search Results

*Ben Ysursa, Secretary of State*

### Search Result Summary

[ New Search ]

**Search Results 1 through 2**
( KIEFFER DESIGN GROUP ... KIEFFER DESIGN GROUP, INC. )

## KIEFFER DESIGN GROUP [View Details]

Organizational ID / Filing number: D6857  
413 S 8TH ST STE D  
BOISE, ID 83702

Filed 01 Aug 1997  
ASSUMED BUSINESS NAME  
CURRENT

## KIEFFER DESIGN GROUP, INC. [View Details]

Organizational ID / Filing number: C126613  
1517 W MAIN ST  
BOISE, ID 83702

Filed 11 Dec 1998  
CORPORATION  
GOODSTANDING

---

Idaho Secretary of State's Main Page          State of Idaho Home Page

Comments, questions or suggestions can be emailed to: sosinfo@sos.idaho.gov

## IDAHO SECRETARY OF STATE
## Viewing Business Entity

Ben Ysursa, Secretary of State

[ New Search ] [ Back to Summary ]
[ Get a certificate of existence for KIEFFER DESIGN GROUP, INC. ]

# KIEFFER DESIGN GROUP, INC.

1517 W MAIN ST
BOISE, ID 83702

| | |
|---|---|
| **Type of Business:** | CORPORATION, GENERAL BUSINESS |
| **Status:** | GOODSTANDING, ANREPT SENT 02 Oct 2012 |
| **State of Origin:** | IDAHO |
| **Date of Origination/Authorization:** | 11 Dec 1998 |
| **Initial Registered Agent:** | JUDI KIEFFER<br>1517 MAIN ST<br>BOISE, ID 83702 |
| **Organizational ID / Filing Number:** | C126613 |
| **Number of Authorized Stock Shares:** | 10000 |
| **Date of Last Annual Report:** | 28 Nov 2012 |

**Original Filing:**

[ Help Me Print/View TIFF ]

Filed 11 Dec 1998 INCORPORATION    View Image (PDF format) View Image (TIFF format)

**Annual Reports:**

[ Help Me Print/View TIFF ]

| | | |
|---|---|---|
| **Report for year 2012** | ANNUAL REPORT | View Document Online |
| **Report for year 2011** | ANNUAL REPORT | View Document Online |
| **Report for year 2010** | ANNUAL REPORT | View Document Online |
| **Report for year 2009** | ANNUAL REPORT | View Document Online |
| **Report for year 2008** | ANNUAL REPORT | View Document Online |
| **Report for year 2007** | ANNUAL REPORT | View Image (PDF format) View Image (TIFF format) |
| **Report for year 2006** | ANNUAL REPORT | View Document Online |
| **Report for year 2005** | ANNUAL REPORT | View Image (PDF format) View Image (TIFF format) |
| **Report for year 2004** | ANNUAL REPORT | View Image (PDF format) View Image (TIFF format) |
| **Report for year 2003** | ANNUAL REPORT | View Image (PDF format) View Image (TIFF format) |
| **Report for year 2002** | ANNUAL REPORT | View Image (PDF format) View Image (TIFF format) |

5/13/13

Case 13-00562-TLM    Doc 31    Filed 05/14/13    Entered 05/14/13 01:40:49    Desc Main
IDSOS: Viewing Business Entity
Document    Page 12 of 14

| | | |
|---|---|---|
| **Report for year 2001** | ANNUAL REPORT | View Image (PDF format)    View Image (TIFF format) |
| **Report for year 2000** | ANNUAL REPORT | View Image (PDF format)    View Image (TIFF format) |
| **Report for year 1999** | ANNUAL REPORT | View Image (PDF format)    View Image (TIFF format) |

Idaho Secretary of State's Main Page          State of Idaho Home Page

Comments, questions or suggestions can be emailed to: sosinfo@sos.idaho.gov

Hidden Acre, LLC
Projected Monthly Profit/Loss

Income
    tenant rent         $1,450.00
Total Projected Monthly Income     $1,450.00

Expenses
    Citimortgage payment  $1,185.00
    Insurance            $50.00
    Maintenance Reserve   $115.00
Total Projected Monthly Expenses   $1,350.00

**Projected Monthly Net Income**     **$100.00**

Exhibit 102

Kieffer Enterprises, LLC
Projected Monthly Profit/Loss

Income
    tenant rent               $2,465.00
Total Projected Monthly Income     $2,465.00

Expenses
    Syringa Bank Mtg.    $900.00
    Colsen                 $950.00
    Bldg Ins.             $50.00
    Maintenance Reserve   $200.00
    Property Taxes       $365.00
Total Projected Monthly Expenses   $2,465.00

**Projected Monthly Net Income**     **$0.00**

Exhibit 103